matters considered in giving effect to the devise for the widow's. benefit. This is not an action for dower, notwithstanding the parties have conformed in their proceedings substantially to the steps usual in such actions; but it is an action in equity to have the amount of the widow's interest under the devise to her in her husband's will ascertained and set off to her. It being an action in equity, the parties are not confined to the situation existing at the time of the commencement of the action; but it is proper for the court to base the measure of its relief upon the facts existing at the time of the judgment. Madison Ave. Baptist Church v. Oliver St. Baptist Church, 73 N. Y. 82, 95; Kilbourne v. Supervisors, 137 N. Y. 170, 178,. 33 N. E. 159. The pleadings and the interlocutory judgment, however, stood in the way of this when the case was before the referee,. and it was beyond his power to amend the pleadings or the judgment to let in this evidence. It also appears that there was a long delay after the testimony was closed before the referee made his report, and that he has not determined as to whether or not the plaintiff is. entitled to any of the rents, issues, and profits of the premises subsequent to the 15th day of June, 1894. The plaintiff claims that she is: entitled to have an accounting of the rents and profits of the premises since that date, and have a third thereof set off to her.

As the case now stands, no errors appearing in the proceedings. before the referee, his report should be confirmed, but this should be without prejudice to an application to the court to have the case reopened; and to have the answer, interlocutory judgment, and all proceedings amended as herein suggested, and the case sent back to. the referee, not only to consider the lease and the ejectment thereunder, but to bring the account of the rents down to the present time. A stay of entry of judgment of 20 days will be granted to the defendants to enable such motion to be made.

I think the costs in the case are in the discretion of the court. While it is an action to recover an interest in real property, it is not an action triable by a jury to recover such interest, and therefore plaintiff is not entitled to costs of course. Code Civ. Proc. § 3228,. subd. 1; Id. § 968. Under the circumstances of this case, the question of costs will be reserved for a later application.

Ordered accordingly.

(25 Civ. Proc. R. 363.)

## In re DE LONG.

(Supreme Court, Special Term, New York County. April, 1896.)

APPEAL.—ORDER ADJUDGING PARTY GUILTY OF CONTEMPT.
    An order adjudging a party guilty of contempt, and imposing a fine, is: appealable.

Application by Oscar A. De Long for a stay of proceedings pending appeal from an order adjudging him guilty of contempt. Granted.

For decision in contempt proceeding, see 39 N. Y. Supp. 903.

Stern & Rushmore, for plaintiffs.

Wetmore & Jenner, for defendant Oscar A. De Long.

LAWRENCE, J. This is an application made on behalf of Oscar A. De Long for a stay of proceedings pending an appeal from an order made at special term, adjudging him guilty of contempt in having violated the injunction contained in the decree in the action of Frank E. De Long against the De Long Hook & Eye Company. It is objected that the order is not appealable, because it is not a final order. It was, however, held in People v. Dwyer, 90 N. Y. 402, that a proceeding to punish for an alleged criminal contempt, originating in the violation of an order granted in a civil action, is a civil special proceeding, within the meaning of the Code of Civil Procedure (sections 1356, 1357), and that an order therein finding the party proceeded against guilty, and imposing a punishment, is reviewable upon appeal. It would seem, from that decision, that the contention that the order in question is not appealable cannot be sustained. The order appealed from imposed a fine, and directed a reference to ascertain the loss and damage which the plaintiffs have sustained by reason of the misconduct of the appellant, together with the costs and expenses of the proceeding to punish him for contempt, and that the referee should report the proof taken by him to the court, together with his opinion thereon, and that, on the coming in and confirmation of said report, the amount of the plaintiffs' damage, and their costs and expenses, should be fixed and determined by the court. The order further provided that the said De Long should be fined the said sum of money so fixed and determined, as and for damages and costs aforesaid for his misconduct, and that he pay the same to the plaintiffs, and stand committed to the jail for the city and county of New York, until the said fine shall be paid. I think the defendant should be allowed a reasonable stay in which to prosecute his appeal, and shall therefore direct, if he will stipulate positively to argue the appeal at the May term of the appellate division, that such a stay be granted. Settle order on one day's notice.

(25 Civ. Proc. R. 865.)

### CREMINS v. EAST LAKE WOOLEN CO.

(Supreme Court, Special Term, New York County. April, 1896.)

ATTACHMENT—AMENDMENT OF AFFIDAVIT.

    The omission of the affidavit to allege that plaintiff, in attachment against a foreign corporation, was a resident of the state (Code Civ. Proc. § 1780), is a jurisdictional defect, and cannot be cured by amendment.

Action by James Cremins against the East Lake Woolen Company. Plaintiff moves for leave to file an affidavit nunc pro tunc in support of an attachment, which had been set aside. Denied.

J. Edward Ackley, for the motion.
Blumenstiel & Hirsch, opposed.

LAWRENCE, J. This is a motion made on behalf of the plaintiff for leave to file an affidavit nunc pro tunc showing that the plaintiff was a resident of this state at the time the attachment issued herein was granted. It appears that the attachment was