May, 1890. The evidence showed that during that time the premises were not occupied, but that the plaintiffs were engaged in making the necessary repairs to make the property comply with the lease, which commenced on the 1st day of May, 1890. We think that the amount for those four months, from January 1st to May 1st, should also be disallowed. The amount, therefore, that will be disallowed, is the sum of $3,808.30, allowed as damages sustained by the Fulton National Bank; $1,631.86, interest on such damages to date of report; and $433.33, being the amount of damages awarded to the plaintiffs as having accrued between January 1, 1890, and May 1, 1890,—aggregating $5,873.49, which, deducted from the total recovery, leaves a balance due to the plaintiffs of $25,397.63. We think that the amount awarded by the referee, with this exception, was moderate, and was amply sustained by the evidence. No question of law is presented upon the appeal which requires examination. The judgment is therefore modified by reducing the total award to $25,397.63, and as thus modified affirmed, without costs to either party.

DE FOREST et al. v. MANHATTAN RY. CO. et al. (Supreme Court, Appellate Division, First Department. April 15, 1897.) Action by Robert De Forest and others against the Manhattan Railway Company and others. No opinion. Motion granted upon defendants' giving undertaking for the whole amount awarded, with interest and costs, and stipulating not to take condemnation proceedings. See De Forest v. Manhattan Ry. Co., supra.

DELANCEY v. BURNS (two cases). (Supreme Court, Appellate Division, First Department. November 13, 1896.) Actions by Elizabeth D. Delancey against Mary Burns. No opinion. Motion denied. See memorandum.

In re DE LONG. (Supreme Court, Appellate Division, First Department. December, 1896.) In the matter of Oscar A. De Long. No opinion. Motion for resettlement denied. See 39 N. Y. Supp. 903; 41 N. Y. Supp. 201, 1111.

In re DE LONG. (Supreme Court, Appellate Division, First Department, December, 1896.) No opinion. Motion for resettlement denied. See 41 N. Y. Supp. 201, 1111.

DIEDEL, Respondent, v. NEW YORK EL. R. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. March 19, 1897.) Action by Henry Diedel against the New York Elevated Railroad Company and the Manhattan Railway Company. W. H. Godden, for appellants. C. A. B. Pratt, for respondent.
PER CURIAM. We think that the fee damage allowed is supported by the evidence. The rental damage, however, is too high. That of No. 375 Third avenue should be reduced to $72 a year, and of No. 513 Third avenue to $120 a year. The extra allowance contained in the judgment must be correspondingly reduced.

The judgment should be modified accordingly, and as thus modified affirmed, without costs to either party.

DISBROW, Respondent, v. WILKINS et al., Appellants. (Supreme Court, Appellate Division, Second Department. December 30, 1896.) Action by Livingston Disbrow against Jacob R. Wilkins and others.
The opinion of County Judge MILLS is as follows: "The words in the contract, 'as hereinafter mutually agreed,' demonstrate that when the contract was executed the parties had not agreed upon the terms of the proposed lease. The evidence shows that subsequently they agreed upon all of those terms, except the date of the termination of the lease. I am satisfied that the minds of the parties never met upon that point. The plaintiff insisted that the term should extend to November 1st, and the defendant claimed that it should cease on the 1st of August, or about that date. I have no doubt that in the earlier negotiations the parties spoke of the season of 1895 as the term of the proposed lease, but when they came to fix the terminus of that season they thus differed, and were unable to agree. I do not think that the plaintiff ever intended to accept the use of the land for a shorter period than the full agricultural season of 1895, which, as is well known, would extend to about the 1st of November. Undoubtedly, in agreeing upon the other provisions of the lease, the parties agreed that one hundred and fifty ($150) dollars, one-half of the rental, should be credited upon the first installment of interest becoming due upon the mortgage; but such agreement was, of course, conditional upon the parties agreeing upon each material element or provision of the lease. The date of the termination was material. If August 1st was the date, the plaintiff would lose at least the entire crop of the apple orchard, whereas, if November 1st was the date, he would be able to secure that crop. As the parties failed to agree upon that material element of the lease, all these agreements as to other elements of it were abrogated, and there was in fact no letting. I think that defendant's time to pay the interest may be regarded as extended till April 23d, when the negotiations between the parties for the letting finally failed. After that event the defendant had no excuse for his failure to pay the full amount of the interest. The plaintiff allowed him ample time to make such payment, because the action was not brought till the 10th of July. I think that the plaintiff had then the right to exercise the election provided for in the bond and mortgage, and make the principal due and payable. Plaintiff is therefore entitled to judgment."
PER CURIAM. Judgment affirmed, with costs, on the opinion of the county judge. See 39 N. Y. Supp. 1123.

In re DONOVAN. (Supreme Court, Appellate Division, First Department. March 19, 1897.) In the matter of the petition of Timothy Donovan. No opinion. Motion granted.

DORTHY, Plaintiff, v. STRAUCHEN et al., Defendants. (Supreme Court, Appellate Divi-